UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER MADONIA, <br>     Plaintiff, <br><br> vs. <br><br> UNCLE BUD'S OF MURFREESBORO, LLC, <br> UNCLE BUD'S CATERING, LLC, <br> UNCLE BUD'S, LLC, <br> CRAIG DEVER, and <br> JAY SMITH, <br>     Defendants. | Case No. _____ <br> JURY DEMAND |

## COMPLAINT

### Jurisdiction and Venue.

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1337 & 1343(4) and 42 U.S.C. § 2000e-5(f). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff also invokes this Court's pendant jurisdiction and brings these claims under the Tennessee Human Rights Act ("THRA"); T.C.A. §§ 4-21-101 et seq.

2. The unlawful employment practices alleged in this Complaint were committed in Rutherford County in the Middle District of Tennessee.

### Parties.

3. Plaintiff Jennifer Madonia is an adult female citizen of the United States of America and a resident of Woodbury, Cannon County, Tennessee.

4. Defendant Uncle Bud's of Murfreesboro, LLC is a limited liability company organized and existing under the laws of the State of Tennessee, is qualified to do business in the State of Tennessee, and at all times material to the events alleged herein did business in Rutherford County, Tennessee, under the name "Uncle Bud's Catfish Shack."

5. Defendant Uncle Bud's Catering, LLC is a limited liability company organized and existing under the laws of the State of Tennessee, is qualified to do business in the State of Tennessee, and at all times material to the events alleged herein did business in Rutherford County, Tennessee, under the name "Uncle Bud's Catfish Shack."

6. Defendant Uncle Bud's, LLC is a limited liability company organized and existing under the laws of the State of Tennessee, is qualified to do business in the State of Tennessee, and at all times material to the events alleged herein did business in Rutherford County, Tennessee, under the name "Uncle Bud's Catfish Shack."

7. Jay Smith ("Smith") and Craig Dever ("Dever") are adult individual citizens and residents of the State of Tennessee and, upon information and belief, at all times material to the events alleged herein did business in Rutherford County, Tennessee, under the name "Uncle Bud's Catfish Shack."

8. Upon information and belief, Uncle Bud's of Murfreesboro, LLC, Uncle Bud's Catering, LLC, Uncle Bud's, LLC, Smith, and Dever did business as a single employer for purposes of the allegations set forth herein and are referred to herein either singularly or collectively as appropriate in the context as "Uncle Bud's," or "Defendant."

9. Uncle Bud's is an "employer" within the meaning of § 701(b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

10. At all times pertinent to the events alleged herein, Uncle Bud's was an "employer" within the meaning of T.C.A. § 4-21-102(5) and T.C.A. § 4-21-401.

11. At all times pertinent to the events alleged herein, Uncle Bud's was a "person" within the meaning of T.C.A. § 4-21-102(14); T.C.A. § 4-21-301; and T.C.A. § 4-21-401.

### Administrative Procedures.

12. Plaintiff timely filed a charge of discrimination against Uncle Bud's with the Equal Employment Opportunity Commission ("EEOC") on or about May 14, 2013.

13. On or about December 26, 2013, Plaintiff received from the EEOC a "Notice of Right to Sue" entitling her to commence this action within ninety (90) days of her receiving that notice.

14. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. Neither the State of Tennessee nor Rutherford County nor the City of Murfreesboro has a law prohibiting the unlawful employment practices alleged in this Complaint under which Plaintiff was obliged to make a Complaint or charge other than the charge she has made.

### First Count.

15. Plaintiff began her employment with Defendant by working in the Uncle Bud's Catfish Shack restaurant in Murfreesboro, Tennessee, on or about January 24, 2013.

16. On or about February 22, 2013, Plaintiff's supervisor/co-worker Ashley Malone obtained explicit nude images of Plaintiff and displayed them to Plaintiff's coworkers and supervisors in a malicious attempt to harass Plaintiff.

17. Plaintiff complained about this behavior to Plaintiff's supervisors, including Michael Ann Hassel.

18. After Plaintiff complained, Plaintiff learned that Plaintiff's supervisors were passing the images around among themselves.

19. Plaintiff was told there would be an investigation, but instead Plaintiff's hours were cut back and there was no investigation.

20. When Plaintiff complained about Plaintiff's hours being cut back, and asked about the progress of the investigation, Plaintiff's supervisor Michael Ann Hassel told Plaintiff there was too much tension in the workplace, and fired Plaintiff.

21. To Plaintiff's knowledge, no one else was fired.

22. Plaintiff believes, and thus avers, that the effect of Defendant's unlawful employment practice has been to limit, classify and discriminate and retaliate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and Plaintiff, a victim of such practices, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her solely because of her sex in sums to be proved at trial.

23. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful employment practices, and the injunctive and other equitable relief she seeks is her only means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

24. Plaintiff believes, and thus avers, that Defendant engaged in discriminatory and retaliatory practices intentionally or with malice, or with reckless indifference to the Plaintiff's federally protected rights.

25. Plaintiff is entitled to recover from Defendant reasonable attorney's fees as provided in Title VII.

**Second Count.**

26. Plaintiff realleges all foregoing paragraphs and incorporates the same by this reference as though fully set forth herein.

27. Defendant has violated Plaintiff's rights by discriminating and/or retaliating against her under the THRA.

28. Plaintiff is entitled to recover from the Defendant compensatory and punitive damages and reasonable attorney's fees as provided in T.C.A. § 4-21-101 et seq.

WHEREFORE, Plaintiff prays that this Court:

(i) declare that the employment practices complained of in this Complaint are unlawful in that they violate Title VII and/or the THRA;

(ii) permanently enjoin Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII and the THRA;

(iii) order Defendant to make the Plaintiff whole by reinstating her in a suitable position with full back pay, bridged seniority and reimbursement for all loss of pension, retirement, Social Security, insurance and other monetary and non-monetary benefits, and compensatory and punitive damages, all in amounts to be proved at trial;

(iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendant to file such reports as the Court deems necessary to evaluate such compliance;

(v) order Defendant to pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII and the THRA in connection with this action; and

(vi) grant such other and further or different relief to the Plaintiff as the Court deems just and proper.

/s/ Jerry E. Farmer
Jerry E. Farmer, BPR# 017180
Attorney for Plaintiff
1535 W. Northfield Blvd. #8
Murfreesboro, Tennessee 37129
(615) 893-4020

Plaintiff demands a trial by jury of all issues triable of right by a jury.

/s/ Jerry E. Farmer
Jerry E. Farmer